IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. 3:19-cv-596 |
| | ) ) | JURY TRIAL DEMAND |
| v. | ) ) ) | |
| COFFEL VENDING COMPANY, | ) ) ) | |
| Defendant | ) ) | |

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race and to provide appropriate relief to Louis Chambers who is a Black individual. As alleged with greater particularity in paragraphs 11-12 below, Coffel Vending Company rejected Louis Chambers for a vending service representative position in or about December 2017 and January 2018 in favor of lesser qualified Caucasians.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Indiana, South Bend Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, Coffel Vending Company (the "Employer") has been an Indiana corporation, has continuously been doing business in the State of Indiana and the City of Mishawaka, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Louis Chambers filed a charge with the Commission alleging violations of Title VII by Defendant Employer.

7. On June 20, 2019, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On July 18, 2019, the Commission issued to Defendant Employer, a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9. The Commission engaged in communication with Defendant Employer to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination. However, the Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. In or about December 2017 and January 2018, Defendant Employer has engaged in unlawful employment practices at its Mishawaka, Indiana, facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) by denying employment opportunities to Louis Chambers, a qualified Black applicant in favor of less qualified Caucasians.

12. Specifically, Defendant Employer rejected qualified applicant Louis Chambers for a vending service representative job in or about December 2017 and January 2018 because of his race, Black, and selected lesser qualified Caucasians.

13. The effect of the practices complained of in paragraphs 11-12 above has been to deprive Louis Chambers of equal employment opportunities and otherwise adversely affect his status as applicant for employment because of his race.

14. The unlawful employment practices complained of in paragraphs 11-12 above were intentional.

15. The unlawful employment practices complained of in paragraphs 11-12 above were done with malice or with reckless indifference to the federally protected rights of Louis Chambers.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating on the basis of race in hiring vending service representatives.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for Black applicants and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Louis Chambers, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Louis Chambers by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11-12 above, including transportation costs and other out of pocket expenses in amounts to be determined at trial.

E. Order Defendant Employer to make whole Louis Chambers by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 11-12 above, including, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer to pay Louis Chambers punitive damages for its

malicious and reckless conduct, as described in paragraphs 11-12 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        Respectfully submitted,

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION


        *s/ Kenneth L. Bird*
        KENNETH L. BIRD (# 10780-02)
        Regional Attorney


        *s/ Nancy Dean Edmonds*
        NANCY DEAN EDMONDS
        Supervisory Trial Attorney


        *s/Robin M. Lybolt*
        Robin M. Lybolt (# 20999-30)
        Trial Attorney
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        101 W. Ohio Street, Suite 1900
        Indianapolis, IN  46204
        (463-999-1185)