IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 3:19-cv-596-PPS-MGG |
| COFFEL VENDING COMPANY, | ) ) ) | |
| Defendant | ) ) | |

**CONSENT DECREE**

The Equal Employment Opportunity Commission ("Commission") instituted this action under the authority granted by Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C 2000e-5(f)(1) and (3) ("Title VII"). Specifically, the Commission alleged in its Amended Complaint that Coffel Vending Company rejected qualified applicant Louie Chambers for a vending service representative position in or about December 2017 and January 2018 because of his race, Black. Coffel Vending Company denies the allegations against it and does not admit any wrongdoing in connection with this Consent Decree.

The Commission and Coffel Vending hereby stipulate to the jurisdiction of the Court over the parties and the subject matter of this action.

The parties have advised the Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, based on the record as a whole, that (1) the Court has jurisdiction over the parties and the subject matter of this action, (2) the purpose and provisions of the Title VII will be promoted and effectuated by the entry of this Consent Decree, and (3) this Consent Decree resolves all the matters in controversy between the parties as provided in paragraphs 1 through 30 below. It is therefore **ORDERED, ADJUDGED AND DECREED** as follows:

## GENERAL PROVISIONS

1. Coffel Vending, its officers, agents, successors and other persons in active concert or participation with Coffel Vending in its business operations, shall be permanently enjoined from:

    a. Engaging in any employment practice that discriminates on the basis of race, including but not limited to failing to hire a qualified applicant because of that individual's race;

    b. Discriminating or retaliating in any way against any person because of opposition to a practice made unlawful under Title VII or because of the filing of a charge, the giving of testimony, assistance or participation in any manner in an investigation, proceeding or hearing under Title VII.

## TERM, SCOPE, AND ISSUES RESOLVED

2. Duration of this Decree shall be four (4) years from the date of entry by the Court.

3. This Decree shall apply to Coffel Vending's, Mishawaka Indiana, facility and all its managers, supervisors, agents, human resource personnel, any other employees who play a role in hiring vending service representatives.

4. Nothing in this Decree shall be construed to preclude EEOC from filing lawsuits based on charges not resolved by this Decree.

5. Any individual charges filed with EEOC or the State equivalent after the effective date of this Decree as defined in paragraph 2 above, based on conduct alleged to have occurred prior to the effective date of this Decree, will be processed by EEOC in accordance with its standard procedures.

## EMPLOYMENT PRACTICES

**Training:**

6. No less than 90 days from the effective date of this Decree as defined in paragraph 2 above, Coffel Vending shall provide all managers, supervisors, owners or other personnel who play any role in the hiring process, no less than two hours of training that covers:

   a. Title VII's prohibition against race discrimination in hiring, terms and conditions of employment and against retaliation;

   b. Understanding the kind of conduct which may constitute unlawful race discrimination;

   c. Penalties for engaging in discriminatory behavior;

   d. Implicit bias and the role it plays in hiring; and

   e. How to create and foster a diverse work force.

Thereafter, managers, supervisors or other personnel who play any role in the hiring process, including all owners, shall receive at least one hour of annual training on the issue of implicit bias and the role it plays in hiring. Coffel Vending shall identify the person or persons leading the training, and provide a list of the names, job titles of all attendees for each training session as well as copies of any written materials provided to attendees no later than 30 days after the training takes place.

7. For the duration of this consent decree, all new managers and employees involved in the hiring process shall receive the above-described training before they play any role in hiring.

8. This training described in paragraphs 6-7 shall be provided at Coffel Vending's expense.

## MONETARY RELIEF

9. Coffel Vending shall pay a total of $22,000.00 to charging party Louie Chambers.

10. The total amount identified in paragraph 9 includes $5,000.00 in back pay. Coffel Vending shall make and be responsible for paying its share of all applicable payroll taxes. Coffel Vending shall issue a W-2 for any payment of back wages, and all withholding required by law shall be deducted from the same.

11. The total amount identified in paragraph 9 includes $17,000.00 in compensatory damages. There shall be no tax withholdings or deductions from amounts designated compensatory damages. Coffel Vending shall issue a form 1099 to Louie Chambers for compensatory damages.

12. Coffel Vending shall not deduct from any amount the employer's share of any costs, taxes or social security required by law to be paid by Coffel Vending.

**Payment:**

13. All payments shall be made by check and made payable to Louie Chambers, or his heirs or assigns in the event of death.

14. Within 30 days from the entry of this Decree, EEOC will provide Coffel Vending with an executed IRS W-4 form for Louie Chambers.

15. Within 90 days from the entry of this Decree, Coffel Vending shall mail settlement checks for backpay and compensatory damages to him via certified mail to an address provided by the EEOC. Payment checks shall be accompanied by a statement detailing all deductions.

16. Within ten business days after payments are mailed to Louie Chambers, Coffel Vending shall submit a copy of the checks issued and proof of delivery (a signed certified mail receipt) to the EEOC in care of the EEOC's Regional Attorney for the Indianapolis District, Kenneth Bird, Equal Employment Opportunity Commission, 101 W. Ohio Street, Suite 1900, Indianapolis, Indiana, 46204 and via e-mail to monitoring-eeoc-indo@eeoc.gov.

17. In the event that payment to Louie Chambers is returned as undeliverable, Coffel Vending shall immediately notify the EEOC, and the EEOC will make all reasonable efforts to locate Louie Chambers his heirs or assigns in the event of death. If no one can be located within a reasonable time, undistributed amounts shall be donated

to Good Will Industries of Michiana, Inc., upon written direction to Coffel Vending, by the EEOC.

### OTHER RELIEF

**Letter of Apology:**

18. Within 30 days after the entry of this Consent Decree, Coffel Vending shall issue a letter of apology to Louie Chambers on company letterhead, in the form attached as Exhibit A, signed by Coffel Vending's hiring manager Scott Coffel, and sent by regular U.S. Mail.

### DISSEMINATION OF DECREE AND NOTICE POSTING

19. Within ten business days of entry of this Consent Decree, Coffel Vending shall provide a copy of this Decree to all managers, supervisors, officers, and agents whose duties might reasonably include compliance with any provision of this Decree, as well as to any individual or entity retained to perform work required under this Consent Decree. And Coffel Vending shall provide a copy of this Decree to all managers subsequently hired during the term of this Decree within five business days of their hire.

20. Within five business days after the Court's entry of this Decree, Coffel Vending shall post in a conspicuous place frequented by applicants for positions at Coffel Vending's Mishawaka, Indiana, facility the Notice attached as Exhibit B to this Decree and will post it on the Company's website within 30 days after the entry of this Decree. The Notice shall be the same type, style, and size as set forth in Exhibit B. The Notice shall remain posted for the duration of this Decree. If the Notice becomes defaced or illegible, Coffel Vending shall replace it with a clean copy. Coffel Vending shall certify to the

EEOC, in writing, that the Notice has been properly posted and shall provide recertification in each of the annual reports required under the Reporting provisions of this Consent Decree.

## MONITORING PROVISIONS

21. The EEOC, its agents and employees shall in their discretion have the legal authority to enter Coffel Vending's Mishawaka facility, with reasonable prior notice to Coffel Vending, and conduct an on-site inspection to ensure compliance with Title VII and any of the terms of this Consent Decree.

22. Such inspections may, at the discretion of the EEOC, include access to any and all documents for the purposes of inspection and duplication, interviews or depositions of any person, inspection of any area within the facility, and any other investigatory technique or procedure permitted by Title VII or the EEOC's regulations.

## INITIAL AND ANNUAL REPORTING

23. Within the time specified in paragraph 6, Coffel Vending shall provide written certification of compliance with this consent decree to Indianapolis District Regional Attorney, Kenneth Bird, Equal Employment Opportunity Commission, 101 W. Ohio Street, Suite 1900, Indianapolis, Indiana, 46204 and via e-mail to monitoring-eeoc-indo@eeoc.gov.

24. For the duration of this Consent Decree Coffel Vending shall also provide annual reports of ongoing compliance, the first due twelve months following the effective date of this Decree as described in paragraph 2. These annual reports shall be sent to EEOC Regional Attorney, Kenneth L. Bird, Equal Employment Opportunity

7

Commission, 101 W. Ohio Street, Suite 1900, Indianapolis, Indiana, 46204 and shall also be sent via e-mail to [monitoring-eeoc-indo@eeoc.gov](mailto:monitoring-eeoc-indo@eeoc.gov).

### RETENTION OF JURISDICTION/ENFORCEMENT OF DECREE

25. This Consent Decree shall be binding on Coffel Vending and its successors. No transfer of ownership or operation of Coffel Vending's business shall relieve Coffel Vending of its obligation to ensure that the terms of this Decree are implemented.

26. Should transfer of ownership or operation of Coffel Vending's businesses Occur during the term of this Consent Decree, then at least 30 days prior to such transfer, Coffel Vending shall provide a copy of this Consent Decree to the transferee and shall simultaneously provide written notice of the forthcoming transfer.

27. This Court shall retain jurisdiction to enforce this Consent Decree and will have all available powers to enforce this Decree, including, but not limited to, fees, monetary sanctions, and injunctive or other relief.

28. The monetary relief ordered in this Consent Decree constitutes a debt owed to and collectible by the United States.

### EEOC AUTHORITY

29. With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the EEOC to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and which do not arise out of the claims asserted in this lawsuit.

### COSTS AND ATTORNEY'S FEES

30. Unless the Court rules otherwise in a subsequent proceeding to enforce this Consent Decree, each party shall be responsible for and shall pay its own costs and attorney's fees.

SO ORDERED on February 21, 2020.

                s/ Philip P. Simon
                PHILIP P. SIMON, JUDGE
                UNITED STATES DISTRICT COURT

      Re: EEOC v. Coffel Vending, Inc., Case No. 3:19-cv-596-PPS-MGG filed in the U.S. District Court for the Northern District of Indiana, South Bend Division.

Dear Mr. Chambers:

      On behalf of Coffel Vending Company, I wish to express my sincere apology for any discomfort caused by passing on your job application in December 2017. You appeared qualified for the job, but I had several other qualified applicants and it seemed you desired more than Coffel Vending had to offer at that time.

      I am sorry for any stress this process has caused and genuinely wish you the best in your future endeavors.

      Sincerely,

      _____

      Scott Coffel
      Vice President, Coffel Vending

**ATTACHMENT A - Letter of Apology**



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## EMPLOYEE NOTICE

**This Notice is Posted Pursuant to a Consent Decree Entered into Between the EEOC and Coffel Vending Resolving a Federal Lawsuit Alleging Race Discrimination under Title VII.**

Federal law requires that there be no discrimination against any employee because of the employee's race, color, religion, sex, national origin, age (over 40), disability, or genetic information. Title VII prohibits employers from discriminating against employees based on race among other things. Rejecting applicants for employment because of their race is a form of discrimination prohibited by Title VII. The law also prohibits employers and other covered entities from retaliating against employees who have exercised their rights under Title VII.

Coffel Vending supports and will comply with such Federal law in all respects and will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law, or have given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

**THIS IS AN OFFICIAL NOTICE AND SHALL NOT BE DEFACED OR REMOVED**

SIGNED this _____ day of _____, 2020.

_____
Scott Coffel, Vice President

Questions concerning this notice may be addressed to:
Equal Employment Opportunity Commission
101 W. Ohio St., Suite 1900
Indianapolis, Indiana 46204-4203
Telephone: (463) 999-1240 – TDD: (317) 226-5162 – Toll free: 1-800-669-4000.

**This OFFICIAL NOTICE shall remain posted for at least four (4) years from date of signing.**

**ATTACHMENT B - NOTICE**